**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABSOLUTE ARCHITECTURE, P.C., an Illinois professional corporation, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Case No. 15-cv-3112 |
| Plaintiff, | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| DPCAC, LLC D/B/A DWYER PRODUCTS & SERVICES, a Illinois limited liability company, and MILLENIA PRODUCTS GROUP, INC., a Illinois corporation, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Absolute Architecture, P.C. ("Plaintiff") brings this Class Action Complaint against Defendants DPCAC, LLC d/b/a Dwyer Products & Services ("DPCAC") and Millenia Products Group, Inc. ("Millenia") (collectively, "Defendants"), on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## I.       NATURE OF THE ACTION

1.       DPCAC is a company that provides construction services, such as design and space planning, and fixtures, such as cabinets. Millenia provides manufacturing services such as metal stamping, assembly, and fabrication. In an effort to market their products and services, Defendants sent unsolicited junk faxes in bulk – "fax blasts" – to unwilling recipients with deficient opt-out notices. Fax advertising shifts the cost of the marketing promotion from the

marketer – the sender of the fax – to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

2.     Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Defendants to send them faxes.

3.     In order to redress these injuries, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited faxing and deficient opt-out notice activities, an award of statutory damages to the Class members under the TCPA, and an award of damages for conversion, together with costs and attorneys' fees.

## II.     JURISDICTION AND VENUE

4.     This Court has original jurisdiction over Counts I and II pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States.

5.     This Court has supplemental jurisdiction over Count III pursuant to 28 U.S.C. § 1367 because Defendant's conduct – giving rise to Counts I and II – forms part of the same case or controversy.

6.     This Court has personal jurisdiction over Defendants under 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in or was directed toward the State of Illinois. Furthermore, Defendants conduct business in this State. Defendants, by carrying on business and sending junk faxes in bulk into this State soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this court permissible.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

### III.      PARTIES

*Plaintiff*

8.     Plaintiff is a professional corporation organized in and existing under the laws of the State of Illinois with its principal place of business located in Cook County, Illinois.

*Defendants*

9.     DPCAC is a limited liability company organized in and existing under the laws of the State of Illinois with its principal place of business located at 1345 Norwood Avenue, Itasca, Illinois 60143.

10.     DPCAC is a joint venture between Millenia and Davis Capital Advisors, LLC.

11.     DPCAC has two members:

    a.  Frank San Roman, an individual and citizen of the State of Illinois; and

    b.  Robert Ripley, an individual and citizen of the State of Illinois.

12.     In or around January 2013, DPCAC purchased the assets of Dwyer Products Corporation ("Dwyer")

13.     At all relevant times, DPCAC did business in the name of Dwyer or under the assumed name Dwyer Products & Services.

14.     Millenia is a corporation organized in and existing under the laws of the State of Illinois with its principal place of business located at 1345 Norwood Avenue, Itasca, Illinois 60143.

### IV.      FACTUAL BACKGROUND

15.     On or about February 20, 2015, Plaintiff received the unsolicited fax advertisement attached as Exhibit A. Discovery may reveal the transmission of additional faxes.

16.     The fax is addressed to a generic recipient: "Dear Architect." (*See* Exhibit A.)

17.     The fax is a "presentation on the capabilities of Dwyer Brand Products." (*See* Exhibit A.)

18.     The fax states that "Dwyer is part of the Chicago based Millenia Products Group." (*See* Exhibit A.)

19.     The fax advertises the availability and quality of DPCAC's products.

20.     The fax also advertises Millenia's products, stating that Millenia is "a premier manufacturer of metal and laminate cabinet products." (*See* Exhibit A.)

21.     The fax does not satisfy the opt-out notice requirements under 47 U.S.C. § 227(b)(2)(D). For example, the fax fails to contain a clear and conspicuous notice on the first page stating that the recipient may make a request to the sender not to send any future unsolicited advertisements and that failure to comply within a reasonable time is unlawful, as required by § 227(b)(2)(D)(i) and (ii). Additionally, the fax fails to contain a notice that sets forth the requirements for a request under § 227(b)(2)(E), as required by § 227(b)(2)(D)(iii).

22.     Defendants sent the fax jointly and/or are responsible jointly and severally, as a matter of law, for the actions of the individuals who sent the fax.

23.     Defendants' products and services were advertised in the fax, and Defendants derived an economic benefit from the transmission of the fax.

24.     Plaintiff had no prior relationship with Defendants and did not consent to the receipt of the above-referenced (or any) fax advertisements from Defendants.

25.     On information and belief, the fax attached as Exhibit A was transmitted as part of a mass broadcasting, or "blast," of faxes.

26.     There is no reasonable means by which Plaintiff and Class members can avoid receiving unsolicited and unlawful faxes.

## V.    CLASS ALLEGATIONS

27.    Plaintiff brings Counts I and III, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Unsolicited Fax Class ("Class One")**

All individuals or entities in the United States who received one or more unsolicited facsimile advertisements from or on behalf of Defendants DPCAC, LLC d/b/a Dwyer Products & Services and Millenia Products Group, Inc.

Excluded from Class One are: Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

28.    Plaintiff brings Count II, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Opt-out Notice Class ("Class Two")**

All individuals or entities in the United States who received one or more facsimile advertisements from or on behalf of Defendants DPCAC, LLC d/b/a Dwyer Products & Services and Millenia Products Group, Inc. with opt-out notices that do not comply with 47 U.S.C. § 227(b)(2)(D).

Excluded from Class Two are: Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

29.    "Class members" or "the Class" refer to both Class One and Class Two, unless otherwise stated.

30.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

31.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

32.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a.  whether Defendants engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

    b.  the manner in which Defendants compiled or obtained their list of fax numbers;

    c.  whether Defendants violated the TCPA;

    d.  whether Plaintiff and the Class members had a right to the use of their fax machines, ink/toner, and paper;

    e.  whether Defendants wrongfully assumed control over Plaintiff's and the Class members' fax machines, ink/toner, and paper;

    f.  whether Defendants converted to their own use Plaintiff's and the Class members' fax machines, ink/toner, and paper;

    g.  whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

h. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

i. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

33. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

34. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

35. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

36. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford

individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## V.  CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Class One)

37.  Plaintiff incorporates by reference paragraphs 1-36 as if fully set forth herein.

38.  Defendants and/or their agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. §227(b)(l)(C).

39.  On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiff and Class One.

40.  As a result of Defendants' unlawful conduct, Plaintiff and Class One suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such a violation, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## COUNT II
### Insufficient Opt-out Notice in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)
### (On Behalf of Class Two)
### (In the Alternative to Class One)

41.     Plaintiff incorporates by reference paragraphs 1-36, <u>except</u> as otherwise stated herein.

42.     In the alternative to Count I, even if Plaintiff and Class Two consented to receive facsimile advertisements from or had an established business relationship with Defendants, Defendants violate the TCPA because their faxes fail to satisfy all of the opt-out notice requirements under § 227(b)(2)(D).[1] Because there is no notice at all, a notice does not:

    a.  appear clearly and conspicuously on the first page of the fax, as required by § 227(b)(2)(D)(i);

    b.  state that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii);

    c.  set forth the elements of a valid opt-out request, as required by § 227(b)(2)(D)(iii);

    d.  include a domestic telephone and fax number for the recipient to submit an opt-out request, as required by § 227(b)(2)(D)(iv)(I);

    e.  include a cost-free mechanism for the recipient to submit an opt-out request, as required by § 227(b)(2)(D)(iv)(II);

    f.  include a telephone number, fax number, or cost-free mechanism for the recipient to make an opt-out request 24 hours a day, 7 days a week, as required by § 227(b)(2)(D)(v); and

    g.  comply with the technical requirements of § 227(d), as required by § 227(b)(2)(D)(vi).

43.     As a result of Defendants' unlawful conduct, Plaintiff and Class Two suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from

---

[1] *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 683 (7th Cir. 2013), *reh'g denied* (Sept. 24, 2013), *cert. denied sub nom. Turza v. Holtzman*, 134 S. Ct. 1318 (2014) ("Even when the [TCPA] permits fax ads – as it does to persons who have consented to receive them, or to those who have established business relations with the sender – the fax must tell the recipient how to stop receiving future messages.") (citing the opt-out provisions of the TCPA).

such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## COUNT III
### Conversion
### (On Behalf of Class One)

44.     Plaintiff incorporates by reference paragraphs 1-36 as if fully set forth herein.

45.     By sending unsolicited faxes to Plaintiff and the other Class One members, Defendants converted to their own use Plaintiff's and the other Class One members' fax machines, ink/toner, and paper.

46.     Plaintiff's and the other Class One members' fax machines, ink/toner, and paper were used to receive the unsolicited faxes.

47.     This loss of use constitutes an asset of economic value paid for by Plaintiff and the other Class One members when they acquired their fax machines.

48.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the Class One members owned and had an unqualified and immediate right to the possession of their fax machines, ink/toner, and paper.

49.     By sending the unsolicited faxes, Defendants appropriated to their own use Plaintiff's and the Class One's fax machines, ink/toner, and paper in such manner as to make them unusable.

50.     Furthermore, Plaintiff's and Class One's fax machines suffered wear and tear when they were appropriated by Defendants to receive their unsolicited faxes.

51.     Such appropriation was wrongful and without authorization.

52.     Defendants knew or should have known that such appropriation of Plaintiff's and Class One's fax machines was wrongful and without authorization.

53.     Defendants deprived Plaintiff and the other Class One members of the performance of their fax machines, ink/toner, and paper.

54.     Accordingly, Plaintiff and the other Class One members suffered damages as a result of receipt of the unsolicited faxes.

## VI.     JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff Absolute Architecture, P.C., individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.     Certifying the Class as defined above, appointing Plaintiff Absolute Architecture, P.C. as the representative of the Class, and appointing its counsel as Class Counsel;

B.     Awarding actual and statutory damages;

C.     Enjoining Defendants from sending unsolicited facsimile advertisements with deficient opt-out notices;

D.     Awarding of reasonable attorneys' fees and costs; and

E.     Awarding such other and further relief that the Court deems reasonable and just.

Dated: April 9, 2015                    Respectfully submitted,

                                        ABSOLUTE     ARCHITECTURE,     P.C.,
                                        individually and on behalf of all others
                                        similarly situated

                                        By:  *s/ Joseph J. Siprut*
                                              One of the Attorneys for Plaintiff
                                              And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.241.1260

4833-6476-0098, v. 1